_____

                         No. 95-4165
                         _____

United States of America,        *
                                 *
            Appellee,            *
                                 *  Appeal from the United States
     v.                          *  District Court for the
                                 *  Southern District of Iowa.
Richard Lee Christy,             *
                                 *     [UNPUBLISHED]
            Appellant.           *
                         _____

            Submitted: April 26, 1996

              Filed: May 7, 1996
                         _____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                         _____

PER CURIAM.


     Richard Lee Christy appeals the 181-month sentence imposed by the
district court[1] after he pleaded guilty to being a felon in possession of
a firearm.  Christy challenges his enhancement under the Armed Career
Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), on the ground that his 1984
Iowa burglary conviction was not a qualifying violent felony under the
"generic burglary" standard of Taylor v. United States, 495 U.S. 575
(1990).

     At sentencing, the district court observed that the charging
information for this offense stated that Christy had broken into "an
occupied structure or other place where anything of value is kept, to wit:
the Albia HyVee Food Store."  If that store was "an

_____

     [1]The Honorable Harold D. Vietor, United States District Judge
for the Southern District of Iowa.

occupied structure," the offense would constitute generic burglary. However, because the information also included the broader statutory language, "or other place," see Iowa Code § 713.1 (1981), the court asked defense counsel if the government should be required to produce additional factual information that would likely be found in Christy's state court guilty plea proceeding. Counsel conferred with Christy and responded that sentencing should proceed on the record as it then stood. The court then made a finding that this conviction was generic burglary and imposed the ACCA enhancement. In these circumstances, that finding is not clearly erroneous.

We also reject Christy's pro se argument that the district court erred in allowing the government to seek the ACCA enhancement. See United States v. Rush, 840 F.2d 574, 578 (8th Cir.) (en banc), cert. denied, 487 U.S. 1238. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.